**Heather STERN; Brooke Randolph; John Girard; Martin Schnall; Nathan Riensche; Kelly Lemons, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,**

v.

**Marc GAMBELLO; Gene Hopkins, Objectors–Appellants,**

**New Cingular Wireless Services, Inc., a Delaware corporation, fka AT & T Wireless Services, Inc.; AT & T Mobility Corporation, a Delaware corporation, fka Cingular Wireless Corporation; AT & T Mobility LLC, a Delaware limited liability company, fka Cingular Wireless LLC, Defendants–Appellees.**

**Heather Stern, on behalf of herself and all others similarly situated, Plaintiff–Appellee,**

**New Cingular Wireless Services, Inc., a Delaware corporation, fka AT & T Wireless Services, Inc.; AT & T Mobility Corporation, a Delaware corporation, fka Cingular Wireless Corporation; AT & T Mobility LLC, a Delaware limited liability company, fka Cingular Wireless LLC, Defendants–Appellees,**

v.

**Karin Lynch, Objector–Appellant,**

**Marc Gambello; Gene Hopkins, Objectors.**

Nos. 10–56929, 10–57062.

United States Court of Appeals, Ninth Circuit.

May 4, 2012.

Peter James Bezek, Robert Allen Curtis, Foley Bezek Behle & Curtis, LLP, J. Paul Gignac, Arias, Ozzello & Gignac, LLP, Santa Barbara, CA, David Elliot Breskin, Esquire, Daniel Foster Johnson, Esquire, Breskin Johnson & Townsend PLLC, Seattle, WA, William W. Houck, Houck Law Firm PS, Issaquah, WA, Randolph Hunter Pyle, Sundeen Salinas & Pyle, Oakland, CA, for Plaintiffs–Appellees.

Janine R. Menhennet, Darrell Palmer, Law Offices of Darrell Palmer, Solana

**798**

Beach, CA, Jason Thompson, Esquire, Thompson & Thompson, P.C., San Antonio, TX, for Objectors–Appellants.

Kathleen Balderrama, Esquire, Counsel, Emily Tomoko Kuwahara, Crowell & Moring, LLP, Los Angeles, CA, Steven P. Rice, Esquire, Crowell & Moring, LLP, Irvine, CA, for Defendants–Appellees.

D.C. No. 8:09–cv–01112–CAS–AGR, Central District of California, Santa Ana.

### ORDER

BERZON, Circuit Judge:

After considerable pre-argument preparation, I realized this week that my husband and I appear to be members of the plaintiff class in this case, as we have had AT & T cellular service for some time. I therefore considered whether to recuse from this case. Having researched the question, I have determined that the appropriate course is for me and my husband to forego any financial interest in the settlement before the court (that is, the seven dollars that members of the class could obtain by filing a claim) and in any future settlement or adjudication resulting in any payment to members of the class. I am now announcing that we will do so: Neither I nor my husband will accept any payments due us as members of the class.

I have considered whether I should nonetheless recuse from this case because of possible class membership. The analysis conducted by Judges Walker and Winter in *In re Literary Works in Electronic Databases Copyright Litigation,* 509 F.3d 136 (2d Cir.2007), in a very similar situation, is pertinent and, to me, persuasive. I have decided to adopt their analysis as my own, and so will not recuse. As they concluded, I "believe [my] decision not to recuse is authorized by [28 U.S.C.] § 455(f), strikes the appropriate balance between securing the interests of impar-

tiality and its appearance and reducing the practical costs that unnecessary recusal entails, and does not diminish public respect for the judiciary." *Id.* at 144.